# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4098 | **DATE** | 8/14/2012 |
| **CASE TITLE** | State of Illinois ex rel Schad, Diamond & Shedden, P.C. vs. Hanesbrands Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this order, "Relator's Motion to Remand to State Court" [10] is granted. This case is remanded to the Circuit Court of Cook County for all further proceedings. Civil case terminated.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

On February 8, 2012, relator Schad, Diamond and Shedden, P.C. filed this *qui tam* action on behalf of the State of Illinois in the Circuit Court of Cook County, alleging that defendant Hanesbrands, Inc. ("Hanesbrands") violated the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, by failing to collect and remit state sales tax for shipping charges on internet purchases.

After being served with summons and a copy of the Complaint on April 26, 2012, Hanesbrands filed a notice of removal with this court on May 25, 2012. (Dkt. No. 1.) Hanesbrands asserts in its notice of removal that jurisdiction is properly exercised by this federal court under 28 U.S.C. § 1332, because the *qui tam* action is a controversy between citizens of different states.

On June 5, 2012, the Relator filed a "Motion to Remand to State Court" (Dkt. No. 10), arguing that (1) Illinois is the real party in interest and is not a citizen for purposes of diversity jurisdiction and (2) "the doctrine of comity requires federal courts to decline jurisdiction in cases involving state taxation." (*Id.* at 1.) On June 6, 2012, unaware of the Relator's motion, the court noted its similar concern that "the State of Illinois appears to be a real party in interest . . . [thus] the court believes that diversity jurisdiction does not exist in this case." (Dkt. No. 13 (citing *New Mexico ex rel. Nat'l Educ. Ass'n of New Mexico, Inc. v. Austin Capital Mgmt. Ltd.*, 671 F. Supp. 2d 1248, 1251-52 (D.N.M. 2009).) The court ordered Hanesbrands to file "a statement with the court explaining why this case should not be remanded for lack of subject matter jurisdiction." (*Id.*) Hanesbrands filed its jurisdictional statement (Dkt. No. 15), Relator filed a reply (Dkt. No. 18), and this jurisdictional question has now been fully-briefed before the court.

The Relator filed this lawsuit "on behalf of the State of Illinois." (Compl. at 1.) If the State of Illinois is a real party to this case, however, the court's jurisdiction cannot be grounded in § 1332(a). *See Moor v. Alameda County*, 411 U.S. 693, 717 (1973) ("There is no question that a State is not a 'citizen' for purposes of the diversity jurisdiction.").

**STATEMENT**

At this point in the litigation, the State of Illinois has declined to intervene in the Relator's *qui tam* action. The State of Illinois is therefore not a named party to this lawsuit. *See United States, ex rel. Irwin Eisenstein v. City of New York, New York*, 556 U.S. 928, 933 (2009) ("The United States, therefore, is a 'party' to a privately filed [federal False Claims Act] action only if it intervenes in accordance with the procedures established by federal law."); *see also Scachitti v. UBS Fin. Servs.*, 831 N.E.2d 544, 557 (Ill. 2005) ("The [Illinois] Act closely mirrors the federal False Claims Act.").

When deciding whether a lawsuit has been commenced between "citizens of different States" for purposes of 28 U.S.C. § 1332(a) jurisdiction, however, "a federal court must . . . rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980). Here, both the Relator and the State of Illinois are real parties in interest with respect to the Relator's claims. *See Scachitti*, 831 N.E.2d at 558-59 ("under [the Illinois False Claims Act, 740 ILCS 175/1, *et seq.*, formerly known as the Whistleblower Reward and Protection Act] a *qui tam* plaintiff is a 'real party in interest,' together with the state."); *see also Eisenstein*, 556 U.S. at 934 (quoting 6A C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1545, pp. 351-353 (2d ed. 1990), for the proposition that "[W]hen there has been . . . a partial assignment the assignor and the assignee each retain an interest in the claim and are both real parties in interest"). Because the State of Illinois is a real party in interest, this court finds that it lacks jurisdiction under 28 U.S.C. § 1332(a) over the Relator's claims.

Hanesbrands cites *Lincoln Property Co. v. Roche*, 546 U.S. 81 (2005), in support of its argument that courts should not "look[ ] to the interest of an unnamed party to defeat diversity jurisdiction . . . if the named parties are real parties in interest." (Dkt. No. 15 at 2.) *Lincoln Property* is distinguishable, however, insofar as that case addressed only "the existence of a potential codefendant" against whom the plaintiff *might* have had a claim for relief. *See Lincoln Property*, 546 U.S. at 91. Here, by contrast, the State of Illinois has a real and actual interest that has already been asserted in this litigation. There is no question that, under the Illinois False Claims Act, the Attorney General of Illinois is entitled to enforce the right sued upon and that the State of Illinois stands to benefit financially from an outcome in its favor. *Accord New Mexico ex rel. Nat'l Educ. Ass'n of New Mexico, Inc.*, 671 F. Supp. 2d at 1251-52 (comparing the provisions of New Mexico's Fraud Against Taxpayers Act, NMSA §§ 44-9-1 to -14, with Black's Law Dictionary's definition of a "real party in interest"). Additionally, as the Supreme Court of Illinois has noted, "[e]ven when the Attorney General declines to intervene, the Attorney General retains complete control of [the *qui tam*] litigation." *Scachitti*, 831 N.E.2d at 561.

Because the court finds that the State of Illinois is a real party in interest with respect to this litigation, the Relator's motion to remand (Dkt. No. 10) is granted and this case is remanded to the Circuit Court of Cook County for all further proceedings.